UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy K. Smalls, | C/A No. 9:24-cv-03966-SAL-MHC |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Bryan Stirling, Dennis Patterson, Curtis Early, Clayton Holbrook, | |
| Defendants. | |

This a civil action filed by Plaintiff Leroy K. Smalls, a state prisoner proceeding pro se and in forma pauperis. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

## **MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**

On July 15, 2024, Plaintiff filed a motion for a temporary restraining order (TRO) and preliminary injunction. ECF No. 5. He claims he is entitled to this relief because Defendants allegedly violated his constitutional rights by placing him in lock up without due process in July 2023. Plaintiff also alleges that his continued confinement in lock-up will result in a denial of his parole eligibility. *See* ECF No. 5-2.

Any motion for a TRO should be denied at this time. Pursuant to Rule 65 of the Federal Rules of Civil Procedure, the court may issue a TRO without notice to the adverse party or the party's attorney only if:

(A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Every TRO issued without notice "expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period or the adverse party consents to a longer extension." Fed. R. Civ. P. 65(b)(2). "The stringent restrictions imposed ... by Rule 65 on the availability of ex parte temporary restraining orders reflect the fact that our entire jurisprudence runs counter to the notion of court action taken before reasonable notice and an opportunity to be heard has been granted both sides of a dispute." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Cnty.*, 415 U.S. 423, 438–39 (1974).

Plaintiff's request for a TRO should be denied because Plaintiff has not complied with Fed. R. Civ. P. 65(b)(1) by providing specific facts in an affidavit or a verified complaint to clearly show that immediate and irreparable injury will result to him before Defendants can be heard in opposition. Additionally, Plaintiff does not explain why an injunction is being requested without notice, and he appears to be requesting relief exceeding fourteen days. *See* Fed. R. Civ. P. 65(b)(1)–(2). It also does not appear that Plaintiff, who has not asserted that he is an attorney, can satisfy the "attorney certification" requirement for a TRO as required under Rule 65(b)(1)(B). *See Demorcy v. Cook*, No. CA 8:13-1494-JFA-JDA, 2013 WL 5332146 (D.S.C. Sept. 23, 2013) (noting that the plaintiff could not satisfy the "attorney certification" requirement for a TRO under Rule 65(b)(1)(B) because he was not an attorney admitted to practice before the court).

Plaintiff's request for a preliminary injunction should also be denied. A preliminary injunction is "an extraordinary remedy involving the exercise of a very far-reaching power, which is to be applied only in the limited circumstances which clearly demand it." *Direx Israel, Ltd. v.*

*Breakthrough Med. Corp.*, 952 F.2d 802, 811 (4th Cir. 1991)) (internal quotation marks omitted); *Centro Tepeyac v. Montgomery Cty.*, 722 F.3d 184, 188 (4th Cir. 2013). The decision whether to grant a preliminary injunction is committed to the equitable discretion of the district court. *See Salazar v. Buono*, 559 U.S. 700, 714 (2010); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 543 (4th Cir. 2007). The request for a preliminary injunction should be denied because it is premature as this action has not yet been served, and Defendants have not answered or otherwise plead. "The court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

## MOTION FOR DEFAULT JUDGMENT

On August 26, 2024, Plaintiff filed a motion for default judgment. ECF No. 9 He contends that the summonses and Complaint were served on Defendants, it is more than 21 days after the date on which Defendants were served, and Defendants have failed to answer or otherwise defend. ECF No. 9. Plaintiff has presented no evidence to support his contention that Defendants have been served.

This action was under initial review by the Court at the time Plaintiff filed his motion. *See General Order In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). There is no indication that Defendants have been served with the Complaint or Amended Complaint in this action. Moreover, even if Plaintiff attempted to serve Defendants, service has not been authorized in this action. Thus, Plaintiff's Motion for Default Judgment should be denied.

## **RECOMMENDATION**

Based on the foregoing, it is recommended that Plaintiff's motion for a TRO and preliminary injunction (ECF No. 5) be **DENIED**. It is also recommended that Plaintiff's motion for default judgment (ECF No. 9) be **DENIED**.

**Plaintiff's attention is directed to the important notice on the following page.**

_____
Molly H. Cherry
United States Magistrate Judge

September 30, 2024
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).