IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy K. Smalls, | C/A No. 9:24-cv-3966-SAL-MHC |
| Plaintiff, | |
| v. | **ORDER** |
| Dennis Patterson, Assistant Deputy Director of Operations; Curtis Early, Warden of Perry; Clayton Holbrook, Senior Classification Perry; D. Williams, RHU Classification Case Manager Perry; F. Mckie, Grievance Administrative; and K. McKnight, Grievance Coordinator Perry, | |
| Defendants. | |

Plaintiff Leroy K. Smalls, a state prisoner proceeding pro se, filed this civil action against the named Defendants, alleging that they violated his constitutional rights by placing him in "lock-up," also known as the Restrictive Housing Unit at Perry Correctional Institution, without due process in July 2023. When Plaintiff filed this case, he also filed a motion for a temporary restraining order and preliminary injunction seeking release from continued solitary confinement, but his motion was denied. *See* ECF Nos. 5, 12, 18. Since then, Plaintiff has filed another motion for preliminary injunction. [ECF No. 20.] This matter is before the court on a Report and Recommendation (the "January 8th Report") issued by United States Magistrate Judge Molly H. Cherry, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), recommending that Plaintiff's motion for a preliminary injunction be denied as premature because Defendants had not yet been served. [ECF No. 21.] Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 3. Plaintiff did not file objections.

1

In March 2025, Plaintiff filed a motion for a temporary restraining order ("TRO") seeking release from lock-up ahead of his parole hearing, scheduled for March 26, 2025. [ECF No. 30.] The magistrate judge directed expedited briefing by Defendants (who had appeared in this case by that point), and Defendants responded in opposition on March 20, 2025. [ECF Nos. 32, 35.] On March 24, 2025, the magistrate judge issued a Report and Recommendation (the "March 24th Report"), recommending the TRO be denied. [ECF No. 37.] Again, Plaintiff was advised of his right to file objections, *see id.* at 7, and he did so, ECF No. 42, but the court received the objections on April 8, 2025, after Plaintiff's parole hearing has already occurred.

These matters are now ripe for this court's review.

## STANDARD OF REVIEW

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). In response to a recommendation, any party may serve and file written objections. *See Elijah v. Dunbar*, 66 F.4th 454, 459 (4th Cir. 2023) (citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(3)). The district court then makes a de novo determination of those portions of the Report to which an objection is made. *Id.* To trigger de novo review, an objecting party must object with sufficient specificity to reasonably alert the district court of the true ground for the objection. *Id.* (quoting *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007)). If a litigant objects only generally, the court need not explain adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

An objection is specific so long as it alerts the district court that the litigant believes the magistrate judge erred in recommending dismissal of that claim. *Elijah*, 66 F.4th at 460. Objections need not be novel to be sufficiently specific. *Id.* Thus, "[i]n the absence of specific objections . . . this court is not required to give any explanation for adopting the recommendation." *Field v. McMaster*, 663 F. Supp. 2d 449, 451–52 (4th Cir. 2009) (emphasis in original).

Because Plaintiff is proceeding *pro se*, the court is charged with liberally construing the pleadings to allow him to fully develop potentially meritorious claims. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). That said, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

## DISCUSSION

As an initial matter, the court agrees with the factual and procedural background set forth in both Reports, and the court adopts the same. The Reports also correctly recite the law and apply it to Plaintiff's case. The court now addresses Plaintiff's objections.

As to the January 8th Report, the court agrees with the magistrate judge that Plaintiff's request for a preliminary injunction was premature because Defendants had not yet been served. *See* ECF No. 21. Plaintiff never filed objections to the January 8th Report, so the court may adopt the Report if it finds no clear error. But here, there are additional reasons for denying a preliminary injunction, which are discussed further below. As outlined in the March 24th Report, the standards for a TRO and preliminary injunction substantially overlap. *See* ECF No. 37 at 4–5.

As to the March 24th Report, Plaintiff's parole hearing occurred before his objections were received, arguably mooting his request for injunctive relief. Nevertheless, the court addresses both the Report and Plaintiff's objections.

To obtain a preliminary injunction, Plaintiff must establish <u>all four</u> of the following elements: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008). The magistrate judge found that Plaintiff failed to show a likelihood of success on the merits, noting that inmates generally have no liberty interest in a particular security classification or facility placement, and no South Carolina law or regulation creates such an interest. [ECF No. 37 at 5–6.] Further, the magistrate judge found Plaintiff failed to make a clear showing he was likely to suffer irreparable harm, as Plaintiff was able to appear via video at his parole hearing and advocate on his own behalf. *Id.* at 6.

Plaintiff first objects to the magistrate judge applying the preliminary injunction standard to his TRO motion. [ECF No. 42 at 1.] But, as explained in the Report, the two forms of relief are similar, differing primarily in the duration of the relief.[1] [ECF No. 37 at 3.] The court overrules Plaintiff's objection.

Plaintiff next objects to the court's acceptance of Defendants' response in opposition to Plaintiff's motion for a TRO. [ECF No. 42 at 2.] Plaintiff claims Defendants "defaulted" because

---

[1] In a related objection, Plaintiff "object[s] to the magistrate [judge's] finding on pg. 4, that he could not satisfy the 'attorney certification,' under Rule 65(b)(1)(B)," ECF No. 42 at 3 (citing ECF No. 37 at 4), but Plaintiff misunderstands the Report. The magistrate judge did not recommend denial of Plaintiff's motions because he could not satisfy the attorney certification rule—that portion of the March 24th Report cites another case from this District and provides support for the magistrate judge considering Plaintiff's TRO motion as a motion seeking a preliminary injunction. [ECF No. 37 at 4.] The court overrules Plaintiff's objection.

4

the magistrate judge directed Defendants to respond by March 18th, and they responded on March 20th. *Id.* Plaintiff further notes that he never received a copy of Defendants' response. *Id.* The timeliness of Defendants' filing does not entitle Plaintiff to relief on his motion for a TRO/preliminary injunction. Plaintiff has the burden of making a clear showing that each of the *Winter* factors is satisfied, and, as stated in the Report, he failed to do so. The court overrules his objection.

Plaintiff goes on to argue that his motion and attached memorandum established that he was entitled to the relief he sought. [ECF No. 42 at 3.] He cites *Wilkinson v. Austin*, 545 U.S. 209 (2005) and *Incumaa v. Stirling*, 791 F.3d 517 (4th Cir. 2015), claiming the courts in these cases "found that conditions in segregation (lock-up) confinement triggered constitutional procedural protection only when they extinguished eligibility for parole and were extremely isolating of indefinite duration, and without defined criteria for eligibility to transfer to less restrictive conditions." [ECF No. 30-2 at 2–3.] Indeed, the cases recognize that the conditions must be particularly harsh to create a liberty interest—that is, they must present "an atypical and significant hardship within the correctional context." *Wilkinson*, 545 U.S. at 224.

Although Plaintiff describes harsh conditions—such as bright lights for 19 hours per day, limited recreation, no family visitation, inadequate cleaning supplies, and insufficient food—he must also how that he was denied due process. *See* ECF Nos. 15-3 through 15-6. Notably, Plaintiff remained eligible for parole and did in fact receive a hearing.

Plaintiff seems to argue his placement in lock-up effectively undermined his chances for parole, noting that the parole board questioned his ability to follow prison rules. [ECF No. 42 at 3–4.] But as noted in the Report, Plaintiff was allowed to participate in his parole hearing and was

able to plead his case for parole.[2] The court overrules Plaintiff's objections and agrees with the magistrate judge's conclusion—Plaintiff has failed to show either a likelihood of success on the merits at this stage or that he is likely to suffer irreparable harm in the absence of preliminary relief.

## CONCLUSION

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court adopts the Reports, ECF Nos. 21, 37, and incorporates the Reports by reference herein. The court **DENIES** Plaintiff's motion for preliminary injunction, ECF No. 20, and his motion for a temporary restraining order, ECF No. 30.

**IT IS SO ORDERED.**

May 7, 2025                                                                 Sherri A. Lydon
Columbia, South Carolina                                         United States District Judge

---

[2] Plaintiff objects to the Report's statement that Plaintiff would "have the opportunity to advocate for himself at the hearing and explain why he should be in general population." [ECF No. 27 at 6.] He states "[t]his is clearly not true because parole is a setting to advocate for freedom from incarceration rejoining society again, not advocating to get off lock-up, where the parole board is without jurisdiction." [ECF No. 42 at 4.] The court reads the Report to state that Plaintiff would have a chance to tell the parole board why he should not be in lock-up insofar as that was part of the board's consideration in deciding whether to grant him parole. But even to the extent that the Report does not correctly describe the parole hearing, that ultimately has no bearing on the disposition of these motions. This objection, too, is overruled.