IN THE UNITED STATES DISTRICT COURT
FOR DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Leroy K. Smalls, | C/A No. 9:24-cv-3966-SAL |
| Plaintiff, | |
| v. | |
| Dennis Patterson, Curtis Early, Clayton Holbrook, D. Williams, F. Mckie, & K. McKnight, | **ORDER** |
| Defendants. | |

This is a civil action filed by Plaintiff Leroy K. Smalls, a state prisoner who is proceeding pro se and in forma pauperis. Pending before the court is Plaintiff's motion for a preliminary injunction. [ECF No. 62.] Specifically, Plaintiff, who is currently housed in a restrictive housing unit ("RHU"), moves this court to enjoin Defendants from continuing to house him in lock-up or to change the conditions in the RHU. This matter is currently referred to United States Magistrate Judge Molly H. Cherry. Judge Cherry issued a Report and Recommendation ("Report") in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). [ECF No. 95.] The Report recommends this court deny Plaintiff's motion for a preliminary injunction because he has failed to make a clear showing of a likelihood of success on the merits or that he is likely to be irreparably harmed absent the injunctive relief he seeks. *Id.* at 5–12. Attached to the Report was a notice advising Plaintiff of the procedures and requirements for filing objections to the Report and the serious consequences if he failed to do so. *Id.* at 14. Plaintiff has not filed objections, and the time for doing so has expired.[1]

---

[1] The Report was filed on October 20, 2025, and mailed to Defendant the same day. *See* ECF Nos. 95, 96. Thus, his objections were originally due by November 3, 2025. However, in a letter dated

The magistrate judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a *de novo* determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

After reviewing the Report, the applicable law, and the record of this case in accordance with the above standard, the court finds no clear error and adopts the Report, ECF No. 95, and incorporates it by reference herein. As a result, Plaintiff's motion for a preliminary injunction is **DENIED.** This matter remains referred to the magistrate judge.

   **IT IS SO ORDERED.**


December 8, 2025                                Sherri A. Lydon
Columbia, South Carolina                        United States District Judge

---

October 29, 2025, Plaintiff indicated he had not received the Report on his motion for a preliminary injunction, and he asked about the status of that motion. *See* ECF No. 101. At that time, the court remailed a copy of the Report to Plaintiff, and his objection deadline was extended to November 17, 2025. *See* ECF No. 102. As of this date, the court has not received any objections to the Report. However, the court has received two separate envelopes containing Plaintiff's response in opposition to Defendants' motion for summary judgment, which remains pending and is referred to the magistrate judge. *See* ECF Nos. 106, 107.